1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11   ALLEN LYNN JEFFRIES,                          CASE NO. 10-CV-00425-H (AJB)

12                              Petitioner,        **ORDER:**

13          vs.                                    **(1) DENYING PETITION FOR**
                                                   **WRIT OF HABEAS CORPUS**
14
     LARRY SMALL, Warden,                          **(2) ADOPTING REPORT AND**
15                              Respondent.         **RECOMMENDATION**

16          On April 28, 2010, Allen Lynn Jeffries ("Petitioner"), a state prisoner proceeding *pro*

17   *se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (Doc.

18   No. 1.)  Petitioner alleges the Department of Corrections abused its authority in violation of

19   the Eight and Fourteenth Amendments when it transferred Petitioner between prison facilities

20   and did not process an administrative inmate appeal in violation of the  the First and Fifth

21   Amendments.  (Id.)  On August 11, 2010, Respondent filed an answer to the Petition. (Doc.

22   No. 10.)  On October 4, 2010, Petitioner filed a traverse to the answer to the Petition.  (Doc.

23   No. 13.)  On November 17, 2010, the magistrate judge issued a Report and Recommendation

24   ("R&R") that the Court deny the Petition.  (Doc. No. 15.)  On January 1, 2011, Petitioner filed

25   an objection to the R&R.  (Doc. No. 18.)

26          The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter

27   is appropriate for resolution without oral argument and submits the matter on the papers.  For

28

the reasons set forth below, the Court DENIES the Petition and ADOPTS the R&R.

**Background**

In 1980, Petitioner was convicted of second degree murder and sentenced to a term of 15 years to life. (Lodgment, Ex. 1.) Petitioner claims that in 2005, the Department of Corrections and Rehabilitation ("Department") improperly transferred him from Calipatria State Prison to Kern Valley State Prison. (Id.) Petitioner claims the Department abused its authority by transferring him and by declining to process his April 2009 appeal concerning the transfer. (Id.) Plaintiff seeks monetary damages for the allegedly unlawful prison transfer.

On May 18, 2009, Petitioner filed a habeas corpus petition in Imperial County Superior Court alleging abuse of authority and refusal to process his administrative appeal. (Lodgment, Ex. 2.) On July 23, 2009, the Superior Court denied the petition as untimely. (Lodgment, Ex. 4.) On August 6, 2009, Petitioner filed a habeas corpus petition in the California Court of Appeal presenting the same claims. (Lodgment, Ex. 5.) The appellate court subsequently denied the petition. (Lodgment, Ex. 1.) On October 10, 2009, Petitioner filed a habeas corpus petition to the California Supreme Court presenting the same claims. (Lodgment, Ex. 6.) On November 10, 2009, the California Supreme Court denied the petition. (Lodgment, Ex. 7.)

**Discussion**

**I. Scope of Review and Applicable Legal Standard.**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to any portion of a magistrate judge's report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id.

The amended Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254(d) provides the following standard of review applicable to state court decisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

1    determined by the Supreme Court of the United States; or

2    (2) resulted in a decision that was based on an unreasonable
3    determination of the facts in light of the evidence presented in the State
     court proceeding.

4    28 U.S.C. § 2254(d).

5        A federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1)

6    if a state court either (1) "applies a rule that contradicts the governing law set forth in [the

7    Court's] cases" or (2) "confronts a set of facts that are materially indistinguishable from a

8    decision of [the] Court and nevertheless arrives at a result different from [the Court's]

9    precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

10       A federal court may grant habeas relief under the "unreasonable application" clause of

11   § 2254(d)(1) if the state court "identifies the correct governing legal rule from [the Supreme]

12   Court's cases but unreasonably applies it to the facts of the particular state prisoner's case."

13   Id. at 407. A federal court may also grant habeas relief "if the state court either unreasonably

14   extends a legal principle from [Supreme Court] precedent to a new context where it should not

15   apply or unreasonably refuses to extend that principle to a new context where it should apply."

16   Id. The state court's "unreasonable application" must be objectively unreasonable to the extent

17   that the state court decision is more than merely incorrect or erroneous. See Lockyer v.

18   Andrade, 538 U.S. 63, 75-76 (2003).

19       Habeas relief is also available under § 2254(d)(2) if Petitioner can demonstrate that the

20   factual findings upon which the state court's adjudication of his claims rest are objectively

21   unreasonable. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The state court's factual

22   determinations are presumed to be correct and Petitioner has the burden of rebutting this

23   presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Summer v. Mata,

24   449 U.S. 539, 545-47 (1981).

25       Additionally, even if a state court decision is contrary to United States Supreme Court

26   precedent or rests on an unreasonable determination of facts in light of the evidence, Petitioner

27   must show that such error cause substantial or injurious prejudice. See Penry v. Johnson, 532

28   U.S. 782, 795 (2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993)). AEDPA

creates a highly deferential standard towards state court rulings and are thus given the benefit of the doubt. See Womack v. Del Papa, 497 F.3d 998, 1001 (9th Cir. 2007).

## II. Petitioner Does Not Challenge the Fact or Duration of His Confinement Nor Does He Allege a Deprivation of Federal Rights.

Petitioner seeks monetary damages for the administrative prison transfer and his unsuccessful appeal of the transfer. Respondent argues that Petitioner's failure to challenge the fact or duration of his confinement precludes him from federal habeas corpus relief. Petitioner's traverse does not challenge the fact or duration of his confinement. (Traverse.)

Federal habeas corpus relief is available for inmates challenging the "fact of or duration of [their] physical confinement." Preiser v. Rodriguez, 411 U.S. 475, 498 (1973); see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims.") (citing Preiser, 411 U.S. at 498-99). "Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citations omitted).

Here, Petitioner's claims do not fit the scope of federal habeas corpus proceedings because Petitioner fails to challenge the fact or duration of his confinement. Petitioner admits that he is not challenging the duration of his confinement. (Traverse at 3.) Petitioner challenges his prison transfer to Kern Valley State Prison and the Department's refusal to process his administrative appeal over the transfer. Therefore, Petitioner challenges the conditions, not the legality or duration, of his confinement and seeks monetary damages. A federal habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable claim pursuant to § 2254. See id.

Inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in a particular cell or unit within a facility. See Montanye v. Haymes, 427 U.S. 236, 242-43 (1976) (finding no constitutional right to be housed in a particular state prison); Meachum v. Fano, 427 U.S. 215, 224 (1976) (holding that no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable

1  prison).  Therefore, Petitioner does not have a federal interest in a particular prison facility.

2       Petitioner argues that California Penal Code section 5068 gives prisoners a liberty

3  interest in a particular prison and, as a result, his administrative appeal over his transfer.  A

4  state's interpretation of its laws or rules, however, provides no basis for federal habeas corpus

5  relief when no federal question arises.  Estelle v. McGuire, 502 U.S. 62, 68 (1991) (stating that

6  federal habeas corpus relief does not lie for errors of state law, and federal courts may not

7  reexamine state court determinations on state law issues).

8       The Court concludes that the denial of Petitioner's claims was neither contrary to, nor

9  involved an unreasonable application of, clearly established federal law, and was not based on

10 an unreasonable determination of the facts. See 28 U.S.C. § 2254(d); Andrade, 538 U.S. at 75-

11 76; Williams, 529 U.S. at 405-07. Accordingly, the Court DENIES the Petition with respect

12 to Petitioner's claims.

13      Additionally, the Court DENIES Petitioner's request for an evidentiary hearing because

14 Petitioner's claims can be resolved on the basis of the record before the Court. See Bahor v.

15 Risely, 730 F.2d 1228, 1233 (9th Cir. 1984).

16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

10cv00425

1

**Conclusion**

2        For the reasons stated above, the Court **DENIES** the Petition for Writ of Habeas

3  Corpus, **ADOPTS** the R&R, and **DENIES** a Certificate of Appealability.

4        **IT IS SO ORDERED.**

5  DATED: January 26, 2011

6

7                                                 MARILYN L. HUFF, District Judge
                                                  UNITED STATES DISTRICT COURT
8

9

10

11  COPIES TO:
12  All parties of record.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10cv00425